UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
G&G CLOSED CIRCUIT EVENTS, LLC,                             :
                                                            : **MEMORANDUM DECISION**
                Plaintiff,   : **AND ORDER**
                                                            :
      - against -                                    : 21-cv-1892 (BMC)
                                                            :
JESUS CHORA GARCIA, individually and                        :
d/b/a TIME TEQUILA BAR CAFE; and                            :
TIME TEQUILA BAR CAFE CORP., an                             :
unknown business entity d/b/a TIME                          :
TEQUILA BAR CAFE,                                           :
                                                            :
                Defendants.  :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

This is an action for the recovery of statutory and punitive damages under the Communications Act of 1934, 47 U.S.C. § 605, for the theft of a satellite TV signal. Defendants have defaulted, and the Clerk has noted their default upon the docket pursuant to Federal Rule of Civil Procedure 55(a). Before me is plaintiff's motion for entry of default judgment under Rule 55(b). The motion is granted to the extent set forth below.

### BACKGROUND

The following facts are taken from the complaint and the affidavit submitted with plaintiff's motion. Plaintiff is a distributor of sports and entertainment programming. It had purchased the commercial distribution rights to the Saul Alvarez vs. Sergey Kovalev World Boxing Organization Light Heavyweight Championship Fight (the "Program") at commercial establishments throughout the New York area and elsewhere. Establishments that contracted with plaintiff to broadcast the event were provided with electronic decoding equipment and satellite coordinates necessary to receive and unscramble the signal.

Defendants never contracted with or obtained permission from plaintiff to broadcast the Program. Plaintiff had an investigator in attendance at defendant's bar on the night of the broadcast. She observed between 30 and 35 customers watching the broadcast on six television screens. For an establishment with that number of patrons, the usual license fee that plaintiff charges is $1,400.

## DISCUSSION

As an initial matter, "[o]nce default has been entered, the allegations of the Complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages." J & J Sports Prods., Inc. v. Bimber, No. 07-cv-590S, 2008 WL 2074083, at *1 (W.D.N.Y. May 14, 2008). However, "where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment." Id. (citing Fed. R. Civ. P. 55(b)(2)). Although the court can conduct an inquest as to damages, that is not necessary where the damages are ascertainable from the proof that the plaintiff has submitted or where statutory damages are sought. See, e.g., Quesada v. Hong Kong Kitchen Inc., No. 20-cv-5639, 2021 WL 861800, at *1 (E.D.N.Y. March 8, 2021).

When a defendant has engaged in certain unauthorized publications or use of communications in violation of 47 U.S.C. § 605, "the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation." § 605(e)(3)(C)(i)(I). As an alternative to actual damages, however, the party aggrieved "may recover an award of statutory damages for each violation . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just." § 605(e)(3)(C)(i)(II). In addition, the statute permits punitive ("enhanced") damages of up to $100,000 if the defendant's theft of the signal was willful "and for purposes of direct or indirect commercial advantage or private financial gain." § 605(e)(3)(c)(ii).

Plaintiff has elected to seek statutory and punitive damages.  When the actual damages suffered by the plaintiff and the profits realized by the defendant are not "ascertainable with precision," an award of statutory damages is appropriate.  TWC Cable Partners v. Multipurpose Elecs. Int'l, Inc., No. 97-cv-2568, 1997 WL 833471, at *1 (E.D.N.Y. Oct. 6, 1997).  Plaintiff's estimate of actual damages is based on what it would have received if defendant had properly licensed the event.  This element of damages is not "ascertainable with precision"; therefore, an award of statutory damages is appropriate.

Plaintiff has submitted evidence that the licensing fee would have been about $1,400.  Plaintiff asks for treble that amount ($4,200) as a deterrent to defendants and other signal pirates, pointing out that if all that a pirating commercial establishment must pay is the amount that it would have paid had it not stolen the signal, there is no incentive for it pay for a license.  The argument has support in the caselaw.  See, e.g., J & J Sports Prod., Inc. v. Sin Fronteras Rest., No. 09-cv-1873, 2010 WL 1565441, at *8 (E.D.N.Y. Feb. 23, 2010), report and recommendation adopted, 2010 WL 1565297 (E.D.N.Y. Apr. 16, 2010).  Plaintiff also requests enhanced damages of $12,600, which is three times the $4,200 it requested in trebled statutory damages.

My view is that this kind of double trebling is too contrived in most cases, including this one.  These thefts of signal are virtually always willful, as plaintiff notes.  See J & J Sports Prods., Inc. v. Hot Shots, Inc., No. 09-cv-1884, 2010 WL 3522809, at *2 (E.D.N.Y. Apr. 27, 2010), report and recommendation adopted, 2010 WL 3523003 (E.D.N.Y. Sept. 2, 2010).  Willfulness is further indicated here by defendants' default and collection of a cover charge.  See id.  Imposing enhanced damages is obviously just as sufficient a deterrent measure as using a multiplier of estimated actual damages.  It seems more logical to award plaintiff $1,400 for the license fee it should have received and $15,000 in enhanced damages.  Fifteen thousand dollars,

for what appears to be a small establishment, in addition to statutory damages of $1,400, should be adequate to deter defendants and others from stealing signals in the future.

Plaintiff also seeks an award of pre-judgment interest. A majority of courts in this Circuit have held that pre-judgment interest should not be awarded when statutory damages have been enhanced under § 605(e)(3)(C)(ii), as this enhancement serves to punish defendants' willful conduct rather than to compensate plaintiff for a loss. See J & J Sports Prods., 2010 WL 3522809, at *3 (collecting cases); see also Wickham Contracting Co. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, 955 F.2d 831, 834 (2d Cir. 1992) ("[P]rejudgment interest should not be awarded if the statutory obligation on which interest is sought is punitive in nature."). I agree with these courts and accordingly decline to award pre-judgment interest.

Finally, 47 U.S.C. § 605(e)(3)(B)(iii) mandates that a court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Plaintiff has requested leave to move for attorneys' fees and costs, which it may do consistent with Federal Rule of Civil Procedure 54(d).

## CONCLUSION

Plaintiff's motion for a default judgment [10] is granted to the extent set forth above. Judgment will be entered accordingly.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
 July 2, 2021